# NO. 12-16-00006-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KHANG DAO,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Khang Dao appeals his conviction for burglary of a habitation. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation. He entered an open plea of "guilty" to the offense, and the matter proceeded to a bench trial on punishment. The trial court assessed Appellant's punishment at imprisonment for five years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the appellate record and found no reversible error or jurisdictional defects. In compliance with *High v. State*, 573 S.W.2d 807, 812

(Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

Although counsel concludes that there is no reversible error in the judgment, he asserts that we should modify it to reflect the division of the amount of restitution between the complainant and his insurance group's debt recovery company. At Appellant's sentencing hearing, consistent with a stipulation of the parties, the trial court assessed restitution in the agreed amount of $18,387.29, with $5,800.00 going to the complainant and $12,587.29 going to the debt recovery company. The judgment simply reflects a restitution amount of $18,387.29 payable to the Smith County Collections Department.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). However, when a trial court orders restitution, the judgment need only reflect the amount of restitution ordered, and either "(A) the name and address of a person or agency that will accept and forward restitution payments to the victim; or (B) if the court specifically elects to have payments made directly to the crime victim, the name and permanent address of the victim at the time of judgment." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(25) (West Supp. 2015). Here, the judgment reflects the amount of restitution and the name and address of the agency that will accept and forward restitution payments to the victims. Therefore, the judgment is in compliance with the code of criminal procedure. *See id.* Accordingly, we decline to modify the judgment.

We have considered counsel's brief and conducted our own independent review of the record. *High*, 573 S.W.2d at 811. We have found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the

---

[1] Counsel for Appellant certified in his brief that he provided Appellant with a copy of the brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the judgment of the trial court.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-16-00006-CR**

**KHANG DAO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0967-15)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*